IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MUSIC CHOICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 08-130 (SLR) |
| | ) |
| VIACOM, INC., | ) JURY TRIAL DEMANDED |
| VIACOM INTERNATIONAL, INC., and | ) |
| MTV NETWORKS, | ) |
| | ) |
| Defendants. | ) |

## ANSWER AND COUNTERCLAIM OF DEFENDANTS VIACOM INC., VIACOM INTERNATIONAL INC., AND MTV NETWORKS

Defendants Viacom Inc., Viacom International Inc., and MTV Networks (collectively, the "Defendants") hereby answer the numbered paragraphs of the Complaint of Plaintiff Music Choice as follows:

### NATURE OF THE ACTION

1.  Defendants admit that the Complaint purports to assert claims for patent infringement. Except as expressly admitted herein, Defendants deny each and every allegation of Paragraph 1 of the Complaint.

### THE PARTIES

2.  Defendants admit, on information and belief, that Plaintiff Music Choice is a Pennsylvania general partnership, and has its principal place of business at 110 Gibraltar Road, Suite 200, Horsham, PA, 19044. Defendants are without knowledge or information sufficient to form a belief as to the remainder of the allegations of Paragraph 2 of the Complaint, and therefore deny each and every remaining allegation of Paragraph 2.

3.  Defendants admit, on information and belief, that Music Choice provides a digital audio radio service. Defendants are without knowledge or information sufficient to form a belief as to the remainder of allegations in Paragraph 3 of the Complaint, and therefore deny each and every remaining allegation of Paragraph 3.

4.  Defendants admit the allegations of Paragraph 4 of the Complaint.

5.  Defendants admit the allegations of Paragraph 5 of the Complaint.

6.  Defendants admit the allegations of Paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7.  Defendants admit that Music Choice purports to bring this action under the patent laws of the United States, 35 U.S.C. §§ 271, 281, and 283-85, and that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted herein, Defendants deny each and every allegation contained in Paragraph 7 of the Complaint.

8.  Defendants admit that they do business in Delaware. Except as expressly admitted herein, Defendants deny each and every allegation contained in Paragraph 8 of the Complaint.

9.  Defendants deny each and every allegation contained in Paragraph 9 of the Complaint.

10. Defendants admit the allegations of Paragraph 10 of the Complaint.

11. Defendants admit the allegations of Paragraph 11 of the Complaint.

12. Defendants admit that venue is proper in this district.

## PATENTS-IN-SUIT

13. Defendants admit that U.S. Patent No. 7,275,256 (the "'256 patent") is entitled "System and Method for Providing an Interactive, Visual Complement to an Audio

Program," has a date of September 25, 2007, and that a copy of the '256 patent is attached as Exhibit A to the Complaint. Except as expressly admitted herein, Defendants deny each and every allegation contained in Paragraph 13 of the Complaint.

14. Defendants admit that U.S. Patent No. 7,158,169 (the "'169 patent") is entitled "Method and System for Displaying Content While Reducing Burn-In of a Display," has a date of January 2, 2007, and that a copy of the '169 patent is attached as Exhibit B to the Complaint. Except as expressly admitted herein, Defendants deny each and every allegation contained in Paragraph 14 of the Complaint.

## **DEFENDANTS' ALLEGED ACTS**

15. Defendants admit that MTV Networks owns a digital audio radio service referred to as "URGE Radio," and MTV Networks, in conjunction with third parties, operates URGE Radio, which is available through select television services. Defendants admit that MTV Networks' URGE Radio service provides digital audio channels with continuous audiovisual content. Except as expressly admitted herein, Defendants deny each and every allegation contained in Paragraph 15 of the Complaint.

## **COUNT I**

16. Defendants incorporate their responses to the allegations of Paragraphs 1 through 15 of the Complaint above as if fully set forth herein.

17. Defendants deny each and every allegation contained in Paragraph 17 of the Complaint.

18. Defendants deny each and every allegation contained in Paragraph 18 of the Complaint.

19. Defendants deny each and every allegation contained in Paragraph 19 of the Complaint.

20. Defendants admit that Music Choice avers that it intends to pursue discovery and that it may seek leave to amend its complaint. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 20 of the Complaint.

21. Defendants deny each and every allegation contained in Paragraph 21 of the Complaint.

## COUNT II

22. Defendants incorporate their responses to the allegations of Paragraphs 1 through 21 of the Complaint above as if fully set forth herein.

23. Defendants deny each and every allegation contained in Paragraph 23 of the Complaint.

24. Defendants deny each and every allegation contained in Paragraph 24 of the Complaint.

25. Defendants deny each and every allegation contained in Paragraph 25 of the Complaint.

26. Defendants admit that Music Choice avers that it intends to pursue discovery and that it may seek leave to amend its complaint. Except as expressly admitted herein, Defendants deny each and every allegation in Paragraph 26 of the Complaint.

27. Defendants deny each and every allegation contained in Paragraph 27 of the Complaint.

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging that they bear the burden of proof as to any of them, Defendants assert the following affirmative defenses. Defendants also reserve the right to add defenses that may be supported by the facts upon the completion of discovery.

### First Affirmative Defense – Failure to State a Claim

28.     The Complaint, and each purported cause of action asserted therein, fails to state a claim upon which relief may be granted.

### Second Affirmative Defense – Non-Infringement

29.     Defendants have not infringed and do not infringe any of the claims of the '256 patent or the '169 patent ("the patents-in-suit"), either literally or under the doctrine of equivalents, willfully or otherwise, and have not contributorily infringed or induced infringement of any of the claims of the patents-in-suit.

### Third Affirmative Defense – Invalidity of U.S. Patent 7,275,256

30.     The claims of the '256 patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

### Fourth Affirmative Defense – Invalidity of U.S. Patent 7,158,169

31.     The claims of the '169 patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

### Fifth Affirmative Defense – Estoppel

32.     Music Choice is estopped, by virtue of the cancellations, amendments, representations, and concessions made to the Patent and Trademark Office during the pendency of

the applications for the patents-in-suit, from construing any claim of those patents to have been infringed by Defendants.

### Sixth Affirmative Defense – Marking

33. On information and belief, the claims for relief and damages concerning the '256 and '169 patents are barred by Music Choice's failure to comply with the requirements of 35 U.S.C. § 287(a).

### Seventh Affirmative Defense – Adequate Remedy at Law

34. Music Choice has an adequate remedy at law and no basis exists for the grant of equitable relief.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment against Music Choice on Music Choice's Complaint, as follows:

A. That Music Choice take nothing by its claims for relief;

B. That Music Choice's claims for relief be dismissed with prejudice;

C. That the Court enter judgment against Music Choice and in favor of Defendants declaring that the claims of U.S. Patent Nos. 7,275,256 and 7,158,169 are not infringed by Defendants;

D. That the Court enter judgment against Music Choice and in favor of Defendants declaring that the claims of U.S. Patent Nos. 7,275,256 and 7,158,169 are invalid;

E. For a determination that this is an exceptional case under 35 U.S.C. § 285, and an award of attorneys' fees and costs to Defendants in this action; and

F. For such other and further relief as the Court deems just and proper.

## COUNTERCLAIMS

Defendants Viacom Inc., Viacom International Inc., and MTV Networks (collectively, "Defendants") allege as follows:

35. Defendants incorporate the allegations of their Answer in Paragraphs 1-34, inclusive, as if set forth fully herein.

36. These claims arise under the Patent Laws of the United States of America, 35 U.S.C. §§ 1 *et seq.* for a judicial declaration and determination, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, that the '256 and '169 patents are invalid and not infringed.

37. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a), because Music Choice has accused the Defendants of infringing the '256 and '169 patents.

38. Venue is proper in this judicial district concerning these Counterclaims pursuant to 28 U.S.C. §§ 1391 (b) and (c).

39. Defendant Viacom Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in New York, New York.

40. Defendant Viacom International Inc. is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in New York, New York.

41. Defendant MTV Networks is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in New York, New York.

42. On information and belief, Music Choice is a Pennsylvania general partnership and its principal place of business is in Horsham, Pennsylvania.

43. In the Complaint, Music Choice alleges that it is the assignee and owner of the '256 and '169 patents.

## COUNTERCLAIM I

### (Declaratory Relief: Non-infringement)

44. Defendants hereby incorporate the allegations of Paragraphs 35 through 43 of the Counterclaim above as if fully set forth herein

45. In the Complaint, Music Choice has accused Defendants of infringing the '256 and '169 patents by making, using, selling, and/or offering for sale systems and methods that are allegedly covered by the '256 and '169 patents.

46. Defendants have denied the allegations that they infringe the '256 and '169 patents.

47. An actual and justiciable controversy exists between Music Choice and Defendants with regard to infringement of the '256 and '169 patents.

48. Defendants seek a judicial declaration and determination that Defendants have not infringed and do not infringe any of the claims of the '256 patent or the '169 patent, either literally or under the doctrine of equivalents, willfully or otherwise, and have not contributorily infringed or induced infringement of any of the claims of the patents-in-suit.

49. A judicial declaration and determination is necessary and appropriate at this time given Music Choice's allegations and in order that Defendants may ascertain their rights and duties with respect to the '256 and '169 patents.

## COUNTERCLAIM II

### (Declaratory Judgment: Invalidity)

50. Defendants hereby incorporate the allegations of Paragraphs 35 through 49 of the Counterclaim above as if fully set forth herein.

51. In the Complaint, Music Choice has alleged that the '256 and '169 patents were duly and legally issued by the United States Patent and Trademark Office.

52. Defendants have denied the allegations that the '256 and '169 patents are valid.

53. An actual and justiciable controversy exists between Music Choice and Defendants with regard to validity of the '256 and '169 patents.

54. Defendants seek a judicial declaration and determination that the claims of the '256 patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

55. Defendants seek a judicial declaration and determination that the claims of the '169 patent are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112.

56. A judicial declaration and determination is necessary and appropriate at this time given Music Choice's allegations and in order that Defendants may ascertain their rights and duties with respect to the '256 and '169 patents.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray for judgment against Music Choice on Defendants' Counterclaim as follows:

A. For a judgment in favor of Defendants on their Counterclaim;

      B.     For a judicial declaration and determination that Defendants have not infringed and do not infringe any of the claims of the '256 and '169 patents, either literally or under the doctrine of equivalents, willfully or otherwise, and have not contributorily infringed or induced infringement of any of the claims of the '256 and '169 patents;

      C.     For a judicial declaration and determination that the '256 and '169 patents are invalid for failure to comply with one or more provisions of Title 35 of the United States Code, including without limitation 35 U.S.C. §§ 101, 102, 103, and 112;

      D.     For a determination that this is an exceptional case under 35 U.S.C. § 285, and an award of attorneys' fees and costs to Defendants in this action; and

      E.     For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury on all issues so triable.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

_/s/_  
Jack B. Blumenfeld (#1014)  
Rodger D. Smith II (#3778)  
1201 N. Market Street  
Wilmington, DE 19899-1347  
(302) 658-9200  
jblumenfeld@mnat.com  
rsmith@mnat.com  
   *Attorneys for Defendants*

OF COUNSEL:  
David Gindler  
Christopher Vanderlaan  
Alexander C.D. Giza  
IRELL & MANELLA LLP  
1800 Avenue of the Stars  
Suite 900  
Los Angeles, CA 90067  
(310) 277-1010

April 23, 2008

## CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2008 I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will send notification of such filing to:.

>Martin S. Lessner, Esquire
>John W. Shaw, Esquire
>Andrew A. Lundgren, Esquire
>YOUNG CONAWAY STARGATT & TAYLOR LLP

I further certify that I caused to be served copies of the foregoing document on April 23, 2008 upon the following in the manner indicated:

| | |
|---|---|
| Martin S. Lessner, Esquire<br>John W. Shaw, Esquire<br>Andrew A. Lundgren, Esquire<br>YOUNG CONAWAY STARGATT & TAYLOR LLP<br>The Brandywine Building<br>1000 West Street – 17th Floor<br>Wilmington, DE 19801 | *VIA ELECTRONIC MAIL*<br>*and HAND DELIVERY* |
| Martin M. Zoltick, Esquire<br>C. Nichole Gifford, Esquire<br>Ryan P. Wallace, Esquire<br>ROTHWELL, FIGG, ERNST & MANBECK, P.C.<br>1425 K Street NW – Suite 800<br>Washington, DC 20005 | *VIA ELECTRONIC MAIL* |

Jack B. Blumenfeld (#1014)