# YOUNG CONAWAY STARGATT & TAYLOR, LLP

THE BRANDYWINE BUILDING
1000 WEST STREET, 17TH FLOOR
WILMINGTON, DELAWARE 19801

DIRECT DIAL:  302-571-6743
DIRECT FAX:   302-576-3517
alundgren@ycst.com

P.O. BOX 391
WILMINGTON, DELAWARE 19899-0391

(302) 571-6600
(302) 571-1253 FAX
(800) 253-2234 (DE ONLY)
www.youngconaway.com

June 10, 2008

The Honorable Sue L. Robinson
United States District Court
844 North King Street
Wilmington, Delaware 19801

Re:   *Music Choice v. Viacom, Inc. et al.* – C.A. No. 08-130-SLR

Dear Judge Robinson:

In connection with the Rule 16 teleconference with Your Honor scheduled for June 11, 2008, the parties have conferred and are submitting the enclosed proposed Scheduling Order for the Court's consideration. The parties are in agreement on all provisions in the proposed order, except for those provisions that are bracketed, where the parties' proposals are set forth separately.

Respectfully submitted,

Andrew A. Lundgren (No. 4429)

AAL
Enclosure

cc:   Jack B. Blumenfeld, Esquire

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

_____

|  |  |  |
|---|---|---|
| MUSIC CHOICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:08-cv-00130 (SLR) |
| | ) | |
| VIACOM, INC., | ) | |
| VIACOM INTERNATIONAL, INC., and | ) | |
| MTV NETWORKS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**[PROPOSED] RULE 16 SCHEDULING ORDER**

At Wilmington this _____ day of _____ 2008, the parties having

satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a

pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and

(b).

IT IS ORDERED that:

1.      **Pre-Discovery Disclosures.**  The parties will exchange by June 13, 2008,

the information required by Fed. R. Civ. P. 26(a) (1) and D. Del. LR 16.2.

2.      **Discovery**.

(a)      On behalf of Plaintiff Music Choice, discovery will be needed on

the following subjects: (1) Defendants' digital music service referred to as "URGE

Radio"; (2) infringement; (3) willful infringement; (4) licensing; (5) sales; (6) marketing;

(7) finances; (8) broadcast digital music/radio subscription services market; (9) damages;

(10) remedies; (11) alleged invalidity; (12) alleged estoppel; (13) alleged failure to mark;

(14) any issues upon which Defendants seek discovery; and (15) any other claims, defenses, and counterclaims alleged to be supported by facts obtained in discovery.  On behalf of Defendants Viacom, Inc., Viacom International, Inc. and MTV Networks, discovery will be needed on the following subjects: invalidity; unenforceability; Plaintiff's alleged practice of the patents; Plaintiff's contentions on claim construction, infringement, validity, and enforceability; any issues upon which Plaintiff seeks discovery; and any other claims, defenses, or counterclaims alleged to be supported by facts obtained in discovery.

(b)    All fact discovery shall be commenced in time to be completed by: **[Plaintiff proposes: February 20, 2009; Defendants propose: June 8, 2009]**.

1)  Document production shall be completed on or before: **[Plaintiff proposes: September 26, 2008; Defendants propose: November 21, 2008]**. The parties will meet and confer regarding a protective order and will file the agreed provisions, and for any remaining areas of dispute, the alternative language of each party, by June 20, 2008, unless extended by party agreement.

2)  Each side may serve a maximum of 40 interrogatories on the other side.

3)  In the absence of agreement among the parties, contention interrogatories shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof.  The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

4)    Each side may serve a maximum of 100 requests for admission on the other side, with the exception for requests directed to authenticity of documents or tangible things, for which there shall no limit.

5)    In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6) relating to the location and production of documents) shall be scheduled prior to the completion of document production.

6)    Maximum of 150 hours each for fact depositions by plaintiff and by defendants.  Each fact deposition limited to a maximum of 7 hours except as set forth in this Order or extended by agreement of parties.  **[Plaintiff proposes: Two inventor depositions by defendants are limited to a maximum of 10 hours each. Two depositions by plaintiff of the individuals most knowledgeable regarding the development and implementation of the digital music service referred to as "URGE Radio" are limited to a maximum of 10 hours each; Defendants propose:  Four inventor depositions (of the nine possible inventor depositions) may be extended to a maximum of 14 hours each]**.

(c)    Expert discovery shall be commenced in time to be completed by: **[Plaintiff proposes: May 8, 2009; Defendants propose: September 14, 2009]**.

1)    Expert reports on issues for which the parties have the burden of proof shall be due on: **[Plaintiff proposes: March 17, 2009; Defendants propose: July 10, 2009]**.  Rebuttal expert reports shall be due on: **[Plaintiff proposes: April 17, 2009; Defendants propose: August 21, 2009]**.

2) Expert depositions to be limited to a maximum of:

**[Plaintiff proposes: 8 hours; Defendants propose: 12 hours]** per expert report

submitted unless extended by agreement of the parties.

3) All Daubert motions shall be filed on or before: **[Plaintiff**

**proposes: May 29, 2009; Defendants propose: October 2, 2009]**.

(d)    If willfulness has been asserted and absent agreement among the

parties, the defendants must inform plaintiff as to whether they intend to rely on advice of

counsel not later than sixty (60) days before the close of fact discovery.  If the decision is

to rely on such advice, the scope of discovery shall include the materials provided by

defendants to their counsel and whatever other materials related to the issues in dispute

that defendants had in their possession at the time the advice was sought.

(e)    Supplementations under Rule 26(e) are due January 20, 2009, and

at other times as appropriate pursuant to Federal Rules of Civil Procedure, Rule 26(e).

(f)    **Discovery Disputes**.

1) The court shall conduct an in-person discovery status

conference on: **[Plaintiff proposes: September __, 2008, from ___ .m. to ___.m.;**

**Defendants propose: November __, 2008, from ___ .m. to ___.m.]**  The time will be

allocated equally among the parties.  **No motions to compel or motions for protective**

**order shall be filed absent approval of the court**.

2) The court shall remain available to resolve by telephone

conference disputes that arise during the course of a deposition and disputes over the

terms of a protective order.

3)   Absent express approval of the court following a discovery

conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(g)     **Fact Witnesses to be Called at Trial**.   Within thirty (30) days

following the close of expert discovery, each party shall serve on the other parties a list of

each fact witness (including any expert witness who is also expected to give testimony),

who has previously been disclosed during discovery and that it intends to call at trial.

Within thirty (30) days of receipt of such fact witness list, each party shall reserve a list

of each rebuttal fact witness that it intends to call at trial.  The parties shall have the right

to depose any such fact witnesses who have not previously been deposed in this case.

Such deposition shall be held within thirty (30) days after service of the list of rebuttal

fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless

extended by agreement of the parties or upon order of the court upon good cause shown.

(h) **Electronically Stored Information and its Disclosure.**

Pursuant to paragraph 1 of "DEFAULT STANDARD FOR DISCOVERY OF

ELECTRONICALLY STORED INFORMATION ("E-DISCOVERY")," the parties

adopt the following agreement regarding electronic discovery in lieu of the default

standard and consistent with Federal Rule of Civil Procedure 34.

(1) At the time that they serve their first responses to document requests, the

parties will, for each party, provide a list of custodians most likely to have

discoverable information for purposes of searching reasonably accessible

sources of electronically stored information ("ESI").  The parties agree to

search for reasonably accessible ESI associated with the listed custodians,

as well as any reasonably accessible centralized sources of ESI.  Upon a

showing of good cause a party will go back and search for ESI associated

with additional custodians.

(2) At the time that they serve their first responses to document requests, the

parties will identify those document requests for which they propose to

satisfy their electronic document collection obligations by performing a

keyword search. The parties will exchange lists of search terms and

phrases for those document requests, as well as person and entity names,

date restrictions, and other appropriate criteria, for discovery of responsive

ESI, and will work cooperatively to identify, for each party, a list of search

terms and phrases to be used for such searching and to identify the names

of persons and entities and other appropriate criteria to be used for

searching.

(3) At the time that they serve their first responses to document requests, the

parties will exchange a written description (1) identifying all sources on

which ESI responsive to those requests might be found (*e.g.*, databases,

networks, computer systems, (including legacy systems—both hardware

and software), servers, archives, weblogs, internet and intranet sites), (2)

identifying whether those sources are or are not reasonably accessible

because of undue burden or cost (for example, back-up tapes, deleted,

fragmented, or damaged data, legacy data stored on obsolete systems, or

media acquired from another entity in an unsupported format), and (3)

providing enough detail to enable the other party to evaluate the claim of

unreasonableness.  See Fed. R. Civ. P. 26(b)(2)(B).  Such an exchange

may make depositions to obtain this information unnecessary, and no
depositions on these subjects shall be taken until such information is
exchanged.  If new sources on which ESI responsive to those requests
might be found are subsequently found, they shall be promptly disclosed.

(4) If a party does not agree to produce documents in response to a particular
request because it is overbroad, the parties may meet and confer about
defining appropriate search criteria, including keywords, date restrictions,
and places to search.

(5) The parties agree that any party currently holding relevant and
discoverable ESI shall ensure that such ESI is preserved in the format in
which it was created (native format) through the end of the present
litigation, including all appeals, whether terminated by settlement,
dismissal (with or without prejudice) or actual court decision.  Standard
document control practices have already been preempted to preserve
relevant and discoverable ESI in original native format.  For all custodians
likely to have relevant information, with respect to electronic information,
the parties shall promptly take steps to preserve all such relevant
electronic information, including the following: all of the custodian's
email stored on his/her workstation and on the party's email server, all
potentially responsive new email, all documents on the custodian's
workstation; all documents in any personal server share used by the
custodian, all documents in any departmental server share likely to contain
relevant documents, and all potentially relevant documents in a document

management system.  Preservation of documents includes preservation of all metadata.  To preserve metadata such as the "modified" date of office productivity documents, all preserved documents shall be archived separately from the copy of the document used by the custodian.

(6) The automatic deletion of documents through spam filters shall not be considered spoliation. The routine overwriting of disaster recovery backup media that was periodically overwritten ten or more times per year prior to this litigation shall not be considered spoliation.

(7) Duplicate emails, defined as emails with identical senders, recipients, subject, and date/time stamps, need not be produced, and the parties will take reasonable measures not to produce them.

(8) Documents shall be produced in a load file and/or data file appropriate for the document review system of the opposing counsel. The file shall provide for each document (1) single-page tiff images, (2) document text or OCR, (3) bates numbers for the beginning and end of each document and attachment range, (4) confidentiality designations, and (5) custodian information.  If OCR data is created by the producing party for any paper documents being produced, that OCR data shall be supplied to opposing counsel.

(9) The load files shall further contain available metadata as follows: for office productivity documents (such as word processing, spreadsheet, and presentation documents) any metadata relating to date, such as the "created" date and/or "last/edited/modified" date, author, application

name/document type, title/name, last edited/modified by, last saved by,

file name, file size, number of pages, MD5 hash value of original native

file, full path where file was located.  For emails, message type (email,

calendar, task etc.), email folder, all sender and recipient information (*e.g.*,

from, recipient/to, copy recipient(s) (cc), blind copy recipient(s) (bcc)),

subject, sent date, received date, local date/time stamp, attached files and

parent (for email attachments).

(10)      Any electronic document that is not practical to review on paper,

such as source code, spreadsheets that are not practical to review on paper,

or data logs, shall be produced in native format at the option of the

producing party or at the request of the receiving party.  Other documents

or narrow categories of documents shall be produced in native format

upon a showing of particularized need by the requesting party.  To the

extent that any such documents include information that is subject to the

attorney-client privilege, the work product immunity doctrine or any other

applicable privilege or immunity, or that is designated confidential by a

third party or for which the producing party is under an obligation of non-

disclosure, the producing party and the receiving party will cooperatively

seek to reach agreement on how to exclude such information from the

native document.  Each document or set of related native documents shall

be produced on media such as a CD or DVD with a single bates number.

Counsel defending a deposition shall, upon request, provide an appropriate

computer and projector for the use of such electronic documents as

exhibits at depositions.

3.      **Joinder of other Parties and Amendment of Pleadings**.   All motions to

join other parties and amend the pleadings shall be filed on or before: **[Plaintiff**

**proposes: October 22, 2008; Defendants propose: March 2, 2009]**.

4.      **Settlement Conference**.   Pursuant to 28 U.S.C. § 636, this matter is

referred to a Magistrate Judge for the purposes of exploring ADR.

5.      **Claim Construction Issue Identification**.   If the court does not find that

an earlier claim construction would be helpful in resolving the case, the parties shall

exchange lists of those claim terms that they believe need construction and their proposed

claim construction of those terms on: **[Plaintiff proposes: January 9, 2009; Defendants**

**propose: August 1, 2009]**.  This document will not be filed with the court.  Subsequent

to exchanging such lists, the parties will meet and confer to prepare a Joint Claim

Construction Statement to be submitted pursuant to paragraph 7 below.

6.      **Summary Judgment**.  All summary judgment motions shall be served

and filed with an opening brief on or before: **[Plaintiff proposes: May 29, 2009 and**

**remaining briefing pursuant to D. Del. LR 7.1.2; Defendants propose: October 2,**

**2009, and Opposition briefs shall be filed and served on or before October 30, 2009**

**and Reply briefs shall be filed and served on or before November 18, 2009]**.  No

summary judgment motion may be filed more than **ten (10)** days from the above date

without leave of the court.

7.      **Claim Construction**.   Lawyers must identify, during the claim

construction phase of the case, any claim language that will have a meaning to a person

of ordinary skill in the art that differs from the ordinary meaning.  Any language not so

identified will be construed according to its ordinary dictionary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on:

**[Plaintiff proposes: February 20, 2009; Defendants propose: September 19, 2009]**,

with the claim chart separately docketed.  The parties will file simultaneous opening

claim construction briefs on: **[Plaintiff proposes: May 29, 2009; Defendants propose:**

**October 2, 2009]**.  Simultaneous response briefs should be filed by: **[Plaintiff proposes:**

**June 30, 2009; Defendants propose: October 30, 2009]**.  Issues of claim construction

shall be considered by the court in conjunction with the summary judgment motion(s).

The hearing on the claim construction and any motion for summary judgment will be

heard on: **[Plaintiff proposes: after July 10, 2009, on July __, 2009 at ____.m.;**

**Defendants propose: on December __, 2009 at ____.m.]**

8.      **Applications by Motion**.  Any application to the court shall be by written

motion filed with the clerk.  **The court will not consider applications and requests**

**submitted by letter or in a form other than a motion**, absent express approval by the

court.

(a)      **Any non-dispositive motion should contain the statement**

**required by D. Del. LR 7.1.1**.

(b)      No telephone calls shall be made to chambers.

(c)      Any party with an **emergency** matter requiring the assistance of

the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and

"Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and e-

mail the completed forms to slr_civil@ded.uscourts.gov.  The e-mail shall provide a short

statement describing the emergency.  NO ATTACHMENTS shall be submitted in connection with said emails.

9.      **Motions in Limine**.   No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10.      **Pretrial Conference**.   A pretrial conference will be held on: **[Plaintiff proposes: August __, 2009, at ____.m.; Defendants propose: March __, 2010, at ____.m.]**, in Courtroom 6B, Sixth Floor Federal Building, 844 King Street, Wilmington, Delaware.  The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11.      **Trial**.   This matter is scheduled for a 3 week jury trial commencing on: **[Plaintiff proposes: September __, 2009; Defendants propose: April __, 2010]**, in Courtroom 6B, Sixth Floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.


_____          _____
DATE                                              UNITED STATES DISTRICT JUDGE