# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| MUSIC CHOICE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VIACOM, INC.,<br>VIACOM INTERNATIONAL, INC., and<br>MTV NETWORKS,<br><br>　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:08-cv-00130 (SLR)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## [PROPOSED] RULE 16 SCHEDULING ORDER

At Wilmington this _____ day of _____ 2008, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** On June 13, 2008, the parties exchanged the information required by Fed. R. Civ. P. 26(a) (1) and D. Del. LR 16.2.

2. **Discovery**.

　　(a)　On behalf of Plaintiff Music Choice, discovery will be needed on the following subjects: (1) Defendants' digital music service referred to as "URGE Radio"; (2) infringement; (3) willful infringement; (4) licensing; (5) sales; (6) marketing; (7) finances; (8) broadcast digital music/radio subscription services market; (9) damages; (10) remedies; (11) alleged invalidity; (12) alleged estoppel; (13) alleged failure to mark;

(14) any issues upon which Defendants seek discovery; and (15) any other claims, defenses, and counterclaims alleged to be supported by facts obtained in discovery. On behalf of Defendants Viacom, Inc., Viacom International, Inc. and MTV Networks, discovery will be needed on the following subjects: invalidity; unenforceability; Plaintiff's alleged practice of the patents; Plaintiff's contentions on claim construction, infringement, validity, and enforceability; any issues upon which Plaintiff seeks discovery; and any other claims, defenses, or counterclaims alleged to be supported by facts obtained in discovery.

      (b)    All fact discovery shall be commenced in time to be completed by March 20, 2009.

      1)    Document production shall be completed on or before October 27, 2009. The parties will meet and confer regarding a protective order and will file the agreed provisions, and for any remaining areas of dispute, the alternative language of each party, by June 27, 2008, unless extended by party agreement.

      2)    Each side may serve a maximum of 40 interrogatories on the other side.

      3)    In the absence of agreement among the parties, contention interrogatories shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof. The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

4) Each side may serve a maximum of 100 requests for admission on the other side, with the exception for requests directed to authenticity of documents or tangible things, for which there shall no limit.

5) In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b)(6) relating to the location and production of documents) shall be scheduled prior to the completion of document production.

6) Maximum of 150 hours each for fact depositions by plaintiff and by defendants. Each fact deposition limited to a maximum of 7 hours except as set forth in this Order or extended by agreement of parties. Four inventor depositions by defendants are limited to a maximum of 10 hours each. Two depositions by plaintiff under Fed. R. Civ. P. 30(b)(6) of the individuals most knowledgeable regarding the development and implementation of the digital music service referred to as "URGE Radio" are limited to a maximum of 10 hours each.

(c) Expert discovery shall be commenced in time to be completed by July 1, 2009.

1) Expert reports on issues for which the parties have the burden of proof shall be due on May 7, 2009. Rebuttal expert reports shall be due on June 3, 2009.

2) Expert depositions to be limited to a maximum of 10 hours per expert report submitted unless extended by agreement of the parties.

3) All Daubert motions shall be filed on or before July 17, 2009.

(d)    If willfulness has been asserted and absent agreement among the parties, the defendants must inform plaintiff as to whether they intend to rely on advice of counsel not later than sixty (60) days before the close of fact discovery.  If the decision is to rely on such advice, the scope of discovery shall include the materials provided by defendants to their counsel and whatever other materials related to the issues in dispute that defendants had in their possession at the time the advice was sought.

(e)    Supplementations under Rule 26(e) are due January 20, 2009, and at other times as appropriate pursuant to Federal Rules of Civil Procedure, Rule 26(e).

(f)    **Discovery Disputes**.

1)  The court shall conduct an in-person discovery status conference on October 23, 2008, at 4:30 p.m.  The time will be allocated equally among the parties.  **No motions to compel or motions for protective order shall be filed absent approval of the court**.

2)  The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

3)  Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(g)    **Fact Witnesses to be Called at Trial**.  Within thirty (30) days following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give testimony), who has previously been disclosed during discovery and that it intends to call at trial.  Within thirty (30) days of receipt of such fact witness list, each party shall reserve a list

of each rebuttal fact witness that it intends to call at trial.  The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case.  Such deposition shall be held within thirty (30) days after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

(h) **Electronically Stored Information and its Disclosure.**

Pursuant to paragraph 1 of "DEFAULT STANDARD FOR DISCOVERY OF ELECTRONICALLY STORED INFORMATION ("E-DISCOVERY")," the parties adopt the following agreement regarding electronic discovery in lieu of the default standard and consistent with Federal Rule of Civil Procedure 34.

> (1) At the time that they serve their first responses to document requests, the parties will, for each party, provide a list of custodians most likely to have discoverable information for purposes of searching reasonably accessible sources of electronically stored information ("ESI").  The parties agree to search for reasonably accessible ESI associated with the listed custodians, as well as any reasonably accessible centralized sources of ESI.  Upon a showing of good cause a party will go back and search for ESI associated with additional custodians.
>
> (2) At the time that they serve their first responses to document requests, the parties will identify those document requests for which they propose to satisfy their electronic document collection obligations by performing a keyword search. The parties will exchange lists of search terms and phrases for those document requests, as well as person and entity names,

date restrictions, and other appropriate criteria, for discovery of responsive ESI, and will work cooperatively to identify, for each party, a list of search terms and phrases to be used for such searching and to identify the names of persons and entities and other appropriate criteria to be used for searching.

(3) At the time that they serve their first responses to document requests, the parties will exchange a written description (1) identifying all sources on which ESI responsive to those requests might be found (*e.g.*, databases, networks, computer systems, (including legacy systems—both hardware and software), servers, archives, weblogs, internet and intranet sites), (2) identifying whether those sources are or are not reasonably accessible because of undue burden or cost (for example, back-up tapes, deleted, fragmented, or damaged data, legacy data stored on obsolete systems, or media acquired from another entity in an unsupported format), and (3) providing enough detail to enable the other party to evaluate the claim of unreasonableness.  See Fed. R. Civ. P. 26(b)(2)(B).  Such an exchange may make depositions to obtain this information unnecessary, and no depositions on these subjects shall be taken until such information is exchanged.  If new sources on which ESI responsive to those requests might be found are subsequently found, they shall be promptly disclosed.

(4) If a party does not agree to produce documents in response to a particular request because it is overbroad, the parties may meet and confer about

  defining appropriate search criteria, including keywords, date restrictions, and places to search.

(5) The parties agree that any party currently holding relevant and discoverable ESI shall ensure that such ESI is preserved in the format in which it was created (native format) through the end of the present litigation, including all appeals, whether terminated by settlement, dismissal (with or without prejudice) or actual court decision.  Standard document control practices have already been preempted to preserve relevant and discoverable ESI in original native format.  For all custodians likely to have relevant information, with respect to electronic information, the parties shall promptly take steps to preserve all such relevant electronic information, including the following: all of the custodian's email stored on his/her workstation and on the party's email server, all potentially responsive new email, all documents on the custodian's workstation; all documents in any personal server share used by the custodian, all documents in any departmental server share likely to contain relevant documents, and all potentially relevant documents in a document management system.  Preservation of documents includes preservation of all metadata.  To preserve metadata such as the "modified" date of office productivity documents, all preserved documents shall be archived separately from the copy of the document used by the custodian.

(6) The automatic deletion of documents through spam filters shall not be considered spoliation. The routine overwriting of disaster recovery backup

media that was periodically overwritten ten or more times per year prior to this litigation shall not be considered spoliation.

(7) Duplicate emails, defined as emails with identical senders, recipients, subject, and date/time stamps, need not be produced, and the parties will take reasonable measures not to produce them.

(8) Documents shall be produced in a load file and/or data file appropriate for the document review system of the opposing counsel. The file shall provide for each document (1) single-page tiff images, (2) document text or OCR, (3) bates numbers for the beginning and end of each document and attachment range, (4) confidentiality designations, and (5) custodian information. If OCR data is created by the producing party for any paper documents being produced, that OCR data shall be supplied to opposing counsel.

(9) The load files shall further contain available metadata as follows: for office productivity documents (such as word processing, spreadsheet, and presentation documents) any metadata relating to date, such as the "created" date and/or "last/edited/modified" date, author, application name/document type, title/name, last edited/modified by, last saved by, file name, file size, number of pages, MD5 hash value of original native file, full path where file was located. For emails, message type (email, calendar, task etc.), email folder, all sender and recipient information (*e.g.*, from, recipient/to, copy recipient(s) (cc), blind copy recipient(s) (bcc)),

        subject, sent date, received date, local date/time stamp, attached files and parent (for email attachments).

    (10)    Any electronic document that is not practical to review on paper, such as source code, spreadsheets that are not practical to review on paper, or data logs, shall be produced in native format at the option of the producing party or at the request of the receiving party. Other documents or narrow categories of documents shall be produced in native format upon a showing of particularized need by the requesting party. To the extent that any such documents include information that is subject to the attorney-client privilege, the work product immunity doctrine or any other applicable privilege or immunity, or that is designated confidential by a third party or for which the producing party is under an obligation of non-disclosure, the producing party and the receiving party will cooperatively seek to reach agreement on how to exclude such information from the native document. Each document or set of related native documents shall be produced on media such as a CD or DVD with a single bates number. Counsel defending a deposition shall, upon request, provide an appropriate computer and projector for the use of such electronic documents as exhibits at depositions.

3.    **Joinder of other Parties and Amendment of Pleadings**. All motions to join other parties and amend the pleadings shall be filed on or before January 9, 2009.

4.    **Settlement Conference**. Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge for the purposes of exploring ADR.

5. **Claim Construction Issue Identification**. If the court does not find that an earlier claim construction would be helpful in resolving the case, the parties shall exchange lists of those claim terms that they believe need construction and their proposed claim construction of those terms on February 18, 2009. This document will not be filed with the court. Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim Construction Statement to be submitted pursuant to paragraph 7 below.

6. **Summary Judgment**. All summary judgment motions shall be served and filed with an opening brief on or before July 17, 2009. Opposition briefs shall be filed and served on or before August 21, 2009 and Reply briefs shall be filed and served on or before September 9, 2009. No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the court.

7. **Claim Construction**. Lawyers must identify, during the claim construction phase of the case, any claim language that will have a meaning to a person of ordinary skill in the art that differs from the ordinary meaning. Any language not so identified will be construed according to its ordinary dictionary meaning.

The parties shall agree upon and file the Joint Claim Construction Statement on March 27, 2009 with the claim chart separately docketed. The parties will file simultaneous opening claim construction briefs on July 17, 2009. Simultaneous opposition briefs should be filed by August 21, 2009: Simultaneous reply briefs should be filed by September 9, 2009. Issues of claim construction shall be considered by the court in conjunction with the summary judgment motion(s). The hearing on the claim

construction and any motion for summary judgment will be heard on September 29, 2009 at 9:30 a.m.

      8.    **Applications by Motion**. Any application to the court shall be by written motion filed with the clerk. **The court will not consider applications and requests submitted by letter or in a form other than a motion**, absent express approval by the court.

      (a)    **Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1**.

      (b)    No telephone calls shall be made to chambers.

      (c)    Any party with an **emergency** matter requiring the assistance of the court shall e-mail chambers utilizing the "E-mail Request for Emergency Relief" and "Opposing Counsel's Response" forms posted on Chief Judge Robinson's website and e-mail the completed forms to slr_civil@ded.uscourts.gov. The e-mail shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said emails.

      9.    **Motions in Limine**. No motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

      10.    **Pretrial Conference**. A pretrial conference will be held on December 9, 2009, in Courtroom 6B, Sixth Floor Federal Building, 844 King Street, Wilmington, Delaware, at 4:30 p.m. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11.     **Trial**.  This matter is scheduled for a 3 week jury trial commencing on January 4, 2010, in Courtroom 6B, Sixth Floor Federal Building, 844 King Street, Wilmington, Delaware.  For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____                    _____
DATE                                      UNITED STATES DISTRICT JUDGE