IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MUSIC CHOICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-130-SLR |
| | ) | |
| VIACOM INC., | ) | |
| VIACOM INTERNATIONAL INC., and | ) | |
| MTV NETWORKS, | ) | |
| | ) | |
| Defendants. | ) | |

## CONFIDENTIALITY STIPULATION AND
## [PROPOSED] PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, by and between the parties to the above-identified action, through their respective counsel, that protection of designated information produced during discovery in this action is warranted because Plaintiff Music Choice and Defendants Viacom Inc., Viacom International Inc., and MTV Networks (collectively, "MTV") each possesses, controls, or has in its custody certain non-public information that it considers to be highly confidential, the public disclosure of which would present the prospect of competitive harm, and the volume of this non-public information is such that an advance review and designation by the Court would be impractical. In the interest of permitting discovery to proceed without delay occasioned by possible disputes regarding such confidential information, the parties have further stipulated to provide access to and accept such information subject to certain protective provisions hereinafter set forth. In view of these stipulations, the Court finds that good cause exists for issuance of a protective order. Therefore, pursuant to Federal Rule of Civil Procedure 26(c), the Court hereby enters the following Protective Order.

IT IS HEREBY ORDERED AS FOLLOWS:

1.     This Protective Order shall apply to all information produced or disclosed by any party or non-party in whatever form, including, but not limited to, documents, ESI and tangible things;[1] transcripts of and exhibits to depositions; testimony; interrogatory answers; responses to requests for admissions and other written, recorded, or graphic material, including all copies, excerpts, abstracts, or summaries thereof; and any physical objects or other items or any other information gained by inspection of any tangible thing, including data or code stored in electronic form (collectively, "Information"), or filed with the Court, served, or obtained by any party or non-party in this action.

2.     Any Information disclosed in the above-captioned matter by a party or non-party (the "Producing Party") that the Producing Party reasonably and in good faith believes to constitute a trade secret or other confidential research, development, technical, business, financial or commercial information may be designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY"  by the Producing Party in the manner set forth herein.

     a.     "CONFIDENTIAL" is defined as information or material that is produced for or disclosed to a receiving party that the Producing Party considers to constitute or contain trade secrets or other confidential research, development, technical, business, financial or commercial information that has not been made public. Any information so designated shall include only information that is properly subject to protection pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.  Any "CONFIDENTIAL" Information obtained by any party from any Producing Party may not be used for any purposes except in connection with this litigation.

---

[1] The term documents as used herein shall have the same definition as is assigned to it in Federal Rule of Civil Procedure 34(a).

b.  "CONFIDENTIAL" Information may be additionally designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," defined as CONFIDENTIAL Information that the Producing Party reasonably and in good faith believes would cause the Producing Party to suffer substantial commercial or competitive disadvantage or harm if publicly known or if known by agents or employees of the parties who have access to Confidential Information under this Protective Order.

3.      Information designated as "CONFIDENTIAL," or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," (referred to in this Protective Order as "Designated Information") disclosed to a party (the "Receiving Party") in the course of this litigation shall be handled in strict accordance with the terms of this Protective Order.  Specifically, absent an order by this Court, such Designated Information shall not be used for any other purpose during or after this litigation, including without limitation: business purposes, patent prosecution or any other patent office proceeding, competitive purposes, governmental purposes, or any other purposes except in connection with this litigation.  Designated Information shall not be disclosed by the Receiving Party to anyone, including officers, employees or agents of the Receiving Party, except as provided in this Protective Order.  Designated Information may be disclosed only under the circumstances and to the persons specifically provided for in this Protective Order, or with the explicit written consent of the Producing Party with respect to specifically-identified Designated Information.

4.      Subject to the other terms of this Protective Order, Information designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" may be made available by a Receiving Party only to the following persons:

a.  outside attorneys of record herein for the Receiving Party, including other legal, clerical and administrative personnel, such as attorneys, paralegals and secretaries, employed by and working under the supervision of the outside

attorneys of record in connection with this litigation (collectively, the "Counsel of Record");

b. subject to compliance with the requirements of paragraph 6 below, persons who have been retained by the Receiving Party or its Counsel of Record specifically to provide expert testimony or confidential consulting services in this litigation (collectively referred to as "Independent Advisors"), and persons employed by any Independent Advisor, when working under the supervision of such an Independent Advisor in connection with this litigation;

c. the Court and the Court's staff;

d. qualified court reporters, stenographers, or videographers, or other necessary personnel thereof taking testimony or preparing transcripts of testimony involving Designated Information;

e. The author or original source of the Designated Information or a person who previously lawfully received the Designated Information;

f. persons who have been retained by the Receiving Party or its Counsel of Record to provide litigation support services, such as preparation of demonstratives, jury or focus group studies, document imaging, coding, copying, and management, in this litigation (collectively referred to as "Litigation Support Vendors"), and persons employed by them, when working under the supervision of such a Litigation Support Vendor in connection with this litigation; and

g. any other person upon such terms and conditions as the parties may agree or as the Court hereafter by order direct;

*provided that* any person, except for Independent Advisors disclosed by the parties under Paragraph 6, who receives technical information (such as information regarding the components, specifications, hardware, architecture, functionality and design) relating to any system/method of

MTV or any system/method of Music Choice that has been designated as CONFIDENTIAL –

OUTSIDE ATTORNEYS' EYES ONLY, or who receives source code, is prohibited from

participating in drafting or prosecuting patents/applications, claim language for

patents/applications, and/or arguments in support of patents/applications for any continuations,

continuations-in-part, divisionals, or any other related or non-related patents/applications relating

to the subject matter of the patents-in-suit, for the duration of this litigation and for one (1) year

after either (i) the entry of a final non-appealable or non-appealed judgment or (ii) the complete

settlement of all claims against all parties in this matter.  The parties agree that the foregoing

provision does not apply to persons who only receive non-technical information (such as

business, financial or commercial information) that has been designated as CONFIDENTIAL-

OUTSIDE ATTORNEYS' EYES ONLY.

　　　5.　　　Subject to the other terms of this Order, Information designated

"CONFIDENTIAL" (as opposed to Information designated "CONFIDENTIAL – OUTSIDE

ATTORNEYS' EYES ONLY") may be made available by a Receiving Party only to those

persons described in Paragraph 4 above and to the following in-house counsel:

|  |  |  |
|---|---|---|
| a. | for Plaintiff: | Paula Calhoun |
|  |  | Karen Reabuck |
| b. | for Defendants: | Heather Windt |
|  |  | Michelena Hallie |
|  |  | Mark Morril |

The parties are limited to designating three (3) in-house counsel under this paragraph at

any one time.  Additions or substitutions may be made by providing ten (10) days notice and an

opportunity to object, where the notice includes the name of the former in-house counsel, the

name and title of the newly-designated in-house counsel and a statement of whether or not he or

she is a full-time employee of the substituting party.  The burden of proof to demonstrate that the

newly-designated in-house counsel should not be entitled to view Designated Information under

this paragraph will be on the objecting party. Once an in-house counsel has been removed from this Protective Order, the removed in-house counsel is no longer entitled to view Designated Information and may not be added or substituted back in to this Protective Order.

6.    Independent Advisors

a.   Designation of an Independent Advisor: Prior to providing access to Information designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or "CONFIDENTIAL  – OUTSIDE ATTORNEYS' EYES ONLY SOURCE CODE" to any individual in Category 4(b), the Receiving Party seeking to disclose such Information shall disclose in writing the following information to the Producing Party:

(i)    the name of the Independent Advisor;

(ii)   the present employer and title of the Independent Advisor;

(iii)  a résumé (or similar document) describing the Independent Advisor's qualifications, prior work/employment, a list of each publication authored by the Independent Advisor in the previous 10 years that the Independent Advisor is aware of following a reasonable inquiry, and a list of all cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(iv)   a certificate in the form annexed hereto as Exhibit A signed by the Independent Advisor.

b.  Dispute Resolution with Respect to Independent Advisors:

(i)    Abiding by Protective Order:  Within ten (10) business days of receipt by the Producing Party of all of the information required to

be disclosed pursuant to subparagraph 6(a), the Producing Party may object in writing to the Independent Advisor's receiving access to Designated Information if it has a good faith and reasonable basis to believe that the Independent Advisor should not have access to such Information. The Producing Party shall provide an explanation of the good faith and reasonable basis for believing that the Independent Advisor should not have access to such Information. Failure to object to an Independent Advisor or failure to provide an explanation of the good faith and reasonable basis for believing that the Independent Advisor should not have access to Designated Information within ten business days of receipt by the Producing Party of all of the information required to be disclosed pursuant to subparagraph 6(a) shall be deemed approval of the Independent Advisor.

(ii)    If the Producing Party objects to the disclosure of Designated Information designated to an Independent Advisor, the Producing Party and Receiving Party shall, within five (5) business days from the date of the transmittal of the written notice of objection, confer and attempt to resolve the dispute. If the parties cannot resolve the dispute, then, within ten (10) business days following the meet and confer, the Producing Party may submit the matter to the Court for an order that the Independent Advisor not be allowed access to Designated Information. Designated Information shall not be disclosed to the proposed Independent Advisor until the Court resolves such a motion.

7.    Notwithstanding the provisions of Paragraphs 4 through 6 of this Protective Order, access to source code designated "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES

ONLY SOURCE CODE" shall be provided in accordance with the Default Standard for Access to Source Code issued by the U.S. District Court for the District of Delaware.

8.      Nothing in this Protective Order shall bar or otherwise restrict any Counsel of Record from rendering legal advice to his or her client with respect to this action, and, in the course thereof, relying upon his examination of Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY"; *provided*, however, that in rendering such advice and in otherwise communicating with his or her client, the Counsel of Record shall not make any disclosure of Designated Information except as permitted by this Protective Order.

9.      Designated Information shall be designated as follows

   a.   In the case of documents, ESI and tangible things, designation shall be made by placing the legend "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" on each page of any such document, on each image of a page of any such ESI, and on the exterior of any such tangible thing containing this Information at the time of production.

   b.   In the case of native files produced on electronic media, such as disks, CDs, tapes, etc., designation shall be made by placing the legend "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" on the exterior of the disk, CD, tape, or other media.

   c.   In the case of interrogatory answers or responses to requests for admission, designation shall be made in the case of confidential answers or responses by placing the legend "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" on each individual answer or response containing this Information.

d.  In the case of deposition testimony:

(i) Counsel of Record may invoke the provisions of this Protective Order by stating on the record at the time of the deposition that testimony given at a specified portion of the deposition is designated "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."  Only individuals authorized under the terms of this Protective Order to receive "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" information shall be present during portions of the deposition so designated, and the transcript (or videotape, in the event that the deposition is videotaped) of the designated testimony shall by marked by the reporter with the appropriate legend, as set forth below:

**This [transcript or videotape] contains confidential testimony subject to the Protective Order in Civil Action No. 08-130-SLR (D. Del.) and is not to be viewed or the contents thereof to be displayed or revealed except in accordance with such Protective Order, by order of the Court, or pursuant to written stipulation of the parties.**

Any parts of the deposition transcript so designated shall be bound separately from the non-confidential portions of the transcript.

(ii) Alternately or additionally, within ten (10) business days of receipt of the final deposition transcript, any Producing Party may make or modify a designation on a portion or portions of the deposition by giving written notice to the reporter and to all Counsel of Record, in which case all counsel receiving such notice shall mark the copies or portions of the designated transcript in their possession or under their control as directed by the Producing Party.  All deposition transcripts in their entirety shall be deemed to be and shall be treated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" until the expiration of this ten (10) business day period, and neither the transcript nor the content of the testimony shall be disclosed to any

persons not entitled to receive such information under the Protective Order prior to the expiration of this ten (10) business day period.

(iii) Any party may make a written request to produce a redacted version of a deposition transcript, in which case, within ten (10) business days of the later of: (1) the receipt of such request or (2) receipt of a final version of such transcript (excluding the time period for any corrections by the witness), Counsel of Record for the designating party shall deliver to Counsel of Record for the other parties (and, where applicable, the deponent) written notice of the specific page and line numbers and/or exhibit numbers that contain information designated "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" so that the non-designating party may provide appropriately redacted copies of the transcript and exhibits to individuals not approved for access to Designated Information.  If any portion of a deposition is designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" that portion of the deposition record, including any referenced exhibits if they are also "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," shall be separated from the rest of the transcript, stamped with the designated degree of confidentiality, and treated pursuant to the terms of this Protective Order.

e.  With respect to testimony elicited during hearings and other proceedings, whenever Counsel of Record for any party deems that any question or line of questioning calls for the disclosure of "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" Information, counsel may designate on the record prior to such disclosure that the disclosure is subject to confidentiality restrictions.  The party claiming such confidentiality may ask the Court to have excluded from the hearing or other proceeding any person who is not entitled under the Protective Order to receive the Designated Information.

10.    The parties agree that the attendance of a party or a corporate representative at depositions is governed by the Federal Rule of Civil Procedure and controlling case law. Furthermore, the parties agree to use reasonable efforts to ensure that their attendance at depositions does not impede the progress of the proceedings.  These efforts shall include, where appropriate, voluntarily exiting depositions at the request of counsel, if counsel believes that a discussion of "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" material is imminent.

11.    All documents and things which are produced for initial inspection prior to copying and delivery shall be deemed to be and treated as though designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" and shall be subject to this Protective Order.  Any such Information shall be produced for inspection only to persons representing the Receiving Party who are entitled to review Information so designated.  Within ten business days after the Receiving Party selects the documents it wishes to receive copies of, the Producing Party will review and mark the appropriate documents "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" under the Protective Order prior to producing copies to the Receiving Party.

12.    No document or other material shall be filed under seal except pursuant to this Protective Order or as otherwise ordered by the Court.  All applications, motions or other papers submitted to the Court which contain Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY"  shall be filed in hard copy in sealed envelopes or other appropriate sealed containers on which shall be endorsed with the caption of this action, the title of the document contained in the sealed envelope or other container, the signature blocks of the filing party, and the legend

**"CONFIDENTIAL – FILED UNDER SEAL"**

or its equivalent.  The enclosed material shall be segregated by the Court and not publicly available.  Within three (3) business days from the date of a filing made under seal, Counsel of Record for the non-filing party shall deliver to Counsel of Record for the filing party written

notice of the specific portions of the filed material that contain the non-filing party's "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" so that Counsel of Record for the filing party may provide appropriately redacted copies of the filed document to the Court in accord with Paragraph (G)(1) of the United States District Court for the District of Delaware's Revised Administrative Procedures Governing Filing and Service by Electronic Means, dated January 2008.

13.     All documents and pleadings of any nature containing Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" shall be maintained by a person qualified to receive and to retain them under the terms of this Protective Order in a manner intended to minimize any risk of the inadvertent disclosure thereof and to preclude access by persons not entitled to receive such information. Any summary, abstract, digest, analysis, compilation, copy, or working copy of any Designated Information shall be treated as this Protective Order requires with respect to the Designated Information.

14.     Nothing in this Order shall prohibit the transmission or communication of Designated Information between or among qualified recipients (1) by hand delivery; (2) in sealed envelopes or containers via the mail or established freight, delivery, or messenger service; or (3) by telephone, telegraph, facsimile, electronic mail or other electronic transmission system, where, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not a qualified recipient.

15.     If Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" is disclosed to any person not entitled to such information or in any manner not authorized in this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of all interested parties, and (without prejudice to the other rights and remedies of the designating party) shall make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

16.    If Counsel of Record for the Receiving Party at any time objects to the designation or continued treatment of certain Information as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" by the Producing Party, it shall so notify Counsel of Record for the Producing Party in writing. Within ten (10) business days of the receipt of such notice by the Counsel of Record for the Producing Party, the parties shall meet-and-confer in a good faith attempt to resolve the dispute. If Counsel of Record are unable to agree, it shall be the responsibility of the party contending that the Information should not be designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" to file a motion to remove such Information in dispute from the restrictions of this Protective Order. On motion to be relieved from the restrictions of this Protective Order, the burden of proving that the Information is properly designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" is on the Producing Party. The original designation by the Producing Party shall stand until the Court rules on the motion.

17.    Nothing herein shall be deemed to restrict in any way a Producing Party's use of its own Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," nor shall Counsel of Record for any party be precluded from showing or using Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" obtained from an opposing party during examination, at deposition or trial, of any officer, employee or retained expert of the party who designated the Information as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." Such use shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information to any Persons not entitled to such information under the terms of this Protective Order. The restrictions in this Protective Order shall not apply to any Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" that: (a) is lawfully received free of restriction from a third party who furnished the information other than through a breach of this Protective Order or other confidentiality obligation; or (b) is or becomes publicly available other than through a

breach of this Protective Order or other confidentiality obligation; or (c) the Receiving Party can demonstrate was independently developed by persons affiliated with the Receiving Party who have not had access to the Producing Party's Designated Information. Further, nothing in this Protective Order shall affect the right of the Receiving Party to transmit to anyone Information disclosed in this litigation that has not been designated "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

18.     Entering into this Protective Order, and agreeing to produce, producing, or receiving Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" or otherwise complying with the terms of this Protective Order shall not:

    a.  Operate as or constitute an admission by any party that any particular Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential matter;

    b.  Require disclosure of information that is protected by the attorney-client privilege, work product privilege, or any other applicable privilege or immunity;

    c.  Prevent the parties to this Protective Order from agreeing to alter or waive the provisions or protections provided for herein with respect to particular discovery material; or

    d.  Oblige any party to produce documents, testimony, or other material it considers privileged or not subject to discovery.

19.     Inadvertent disclosure of Information that is "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" without appropriate designation shall be without prejudice to any claim that such Information should be so designated, if, as soon as reasonably possible after the Producing Party becomes aware of any inappropriate

designation, the Producing Party properly designates such material pursuant to the terms of this Protective Order. Upon request by the Producing Party, the Receiving Party immediately shall return all copies of such inadvertently designated document(s), advise all persons with access to such inadvertently designated document(s) of the designation, and preclude further access by persons not entitled to receive such Designated Information.

20.    Inadvertent disclosure of Information shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege if, as soon as reasonably possible after the Producing Party becomes aware of any inadvertent or unintentional disclosure, the Producing Party designates any such Information as within the attorney-client privilege or work product immunity or any other applicable privilege and requests return of such Information to the Producing Party. Upon request by the Producing Party, the Receiving Party immediately shall return all copies of such inadvertently produced document(s) and shall make no use whatsoever of the inadvertently disclosed information, irrespective of whether the Receiving Party agrees with the assertion of privilege. The Receiving Party shall immediately notify the Producing Party if it believes that it has discovered inadvertently produced information. Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege designation by submitting a written challenge to the Court, but the Receiving Party shall not argue that the inadvertent production itself is a basis for waiver of the privilege or immunity.

21.    It is expressly contemplated and agreed that the terms of this Protective Order are applicable to Information submitted by a non-party and/or produced by a non-party in connection with this litigation, and that the parties will treat all Information of a non-party in accordance with the terms of this Protective Order. In the case of third-party discovery, the Requesting Party shall inform the third party of and provide the third party with this Protective Order.

22.    In the event that a Producing Party reasonably believes that, due to a confidentiality obligation owed to a nonparty, it cannot produce certain information ("Restricted

Information"), said Producing Party shall within thirty (30) days of discovering such obligation: (a) provide a written notification to the nonparty that the Restricted Information is subject to disclosure in this action; (b) provide the nonparty with a copy of this Protective Order; and (c) provide notice to the opposing party. The nonparty shall then have thirty (30) days from the receipt of such notice to confer with the Producing Party. If the nonparty and the Producing Party cannot reach a resolution that allows for the production of the Restricted Information, the nonparty shall have thirty (30) additional days to file in this litigation in this Court a motion seeking a protective order against disclosure of the Restricted Information. If the nonparty does not file such a motion, all of its objections are waived and the Producing Party may produce the Restricted Information designated as "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

23.     Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery or testimony outside of the restrictions and procedures of the Federal Rules of Civil Procedure, District of Delaware Local Rules, and orders of this Court.

24.     This Protective Order and the procedures set forth herein shall not preclude any party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure, Federal Rules of Evidence or any other statute, rule or authority. Nothing herein shall preclude any party from applying to the Court for any modification of the terms provided herein, as it may deem appropriate under the circumstances; provided, however, that prior to such application, the parties involved shall make a good faith effort to resolve the matter by agreement.

25.     No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by this Protective Order unless the

party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

26.    Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony, or other matter at any court proceeding related to this matter. The designation of certain information pursuant to this Protective Order shall not, for that reason, bar its introduction or use at any court proceeding related to this matter pursuant to such terms and conditions as the Court may deem appropriate, consistent with the need for a complete and accurate record of the proceedings; provided, however, that every effort shall be made, through the use of procedures agreed upon by the parties or otherwise, to preserve the confidentiality of Information designated pursuant to this Protective Order as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

27.    By entering into this Protective Order and limiting the disclosure of Information in this case, the Court does not intend to preclude another court from finding that Information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a subpoena or motion to disclose another party's Information designated "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" under this Protective Order shall promptly notify that party of the subpoena or motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

28.    Within sixty (60) days of the earlier of the entry of a final non-appealable or non-appealed judgment in this action, or the complete settlement of all claims against all parties in this action, all written materials, other than attorney work product and attorney-client communications, containing Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" received by the Receiving Party subject to this Protective Order that are in the possession, custody or control of the Receiving Party or its agents shall be destroyed or turned over to Counsel of Record for the Producing

Party, at the election of the Producing Party. In addition to attorney-client communications, and attorney work product, Counsel of Record for the Receiving Party shall be entitled to retain a single archival copy of court papers, responses to interrogatories or requests for admission, correspondence, expert reports, deposition and trial transcripts, and exhibits that contain Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" provided that Counsel of Record shall not disclose any such information except pursuant to the terms of this Protective Order, a separate written agreement with the Producing Party, or a court order.

29.     The provisions of this Protective Order restricting the communication and use of Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" continue to be binding after the entry of a final non-appealable or non-appealed judgment in this action, or the complete settlement of all claims against all parties in this action. This Court shall retain jurisdiction to enforce the terms of this Protective Order after final termination of this action.

30.     Effective as a Stipulation: This Stipulation and Protective Order shall become effective as a stipulation immediately upon its execution, notwithstanding the pendency of approval by the Court. If approval by the Court is ultimately withheld or made conditional, no party shall treat any Designated Information produced prior to that time other than as provided in this Protective Order without giving the Producing Party sufficient notice to allow for application to the Court for additional relief.

IN WITNESS WHEREOF, the parties hereto caused this agreement to be duly executed as of the

day and year written below.


Dated:  August 11, 2008


*Andw A. Lulyn*                                          /s/ Jack B. Blumenfeld
_____          _____
YOUNG CONAWAY STARGATT                       MORRIS NICHOLS ARSHT
  & TAYLOR, LLP                                        & TUNNELL LLP
Martin S. Lessner (No. 3109)                        Jack B. Blumenfeld (No. 1014)
John W. Shaw (No. 3362)                             Rodger D. Smith II (No. 3778)
Andrew A. Lundgren (No. 4429)                   1201 N. Market Street
The Brandywine Building                             Wilmington, DE 19899-1347
1000 West Street, 17th Floor                        (302) 658-9200
Wilmington, DE 19801                                 *jblumenfeld@mnat.com*
(302) 571-6600
*alundgren@ycst.com*

OF COUNSEL:                                           OF COUNSEL:

ROTHWELL, FIGG, ERNST & MANBECK,        IRELL & MANELLA, LLP
P.C.                                                         David Gindler
Martin M. Zoltick                                        Christopher Vanderlaan
C. Nichole Gifford                                       Alexander C.D. Giza
Ryan P. Wallace                                          1800 Avenue of the Stars
1425 K Street NW – Suite 800                      Suite 900
Washington, DC 20005                                Los Angeles, CA 90067
                                                             (310) 277-1010


*Attorneys for Plaintiffs*                             *Attorneys for Defendants*




IT IS SO ORDERED.


_____, 2008            _____
                                                             UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I, Andrew A. Lundgren, Esq., hereby certify that on August 11, 2008, the foregoing

document was electronically filed with the Clerk of the Court using CM/ECF, which will send

notification that such filing is available for viewing and downloading to the following counsel of

record:

> Jack B. Blumenfeld, Esq.
> Rodger D. Smith, II, Esq.
> MORRIS NICHOLS ARSHT & TUNNELL LLP
> 1201 N. Market Street
> Wilmington, DE 19899

Additionally, I hereby certify that the foregoing document was served by e-mail upon the

above-listed counsel and on the following counsel as indicated.

### BY E-MAIL

> David Gindler *(dgindler@irell.com)*
> Christopher Vanderlaan *(cvanderlaan@irell.com)*
> Alexandre C.D. Giza *(agiza@irell.com)*
> IRELL & MANELLA, LLP
> 1800 Avenue of the Stars
> Suite 900
> Los Angeles, CA 90067

ROTHWELL, FIGG, ERNST, & MANBECK, P.C.
Martin C. Zoltick
C. Nichole Gifford
1425 K Street NW-Suite 800
Washington, DC 20005

YOUNG CONAWAY STARGATT & TAYLOR LLP


*/s/ Andrew A. Lundgren*
Martin S. Lessner (No. 3109)
John W. Shaw (No. 3362)
Andrew A. Lundgren (No. 4429)
The Brandywine Building
1000 West St., 17th Floor
P.O. Box 391
Wilmington, Delaware 19899-0391
Telephone:  302-571-6600

*Attorneys for Plaintiff Music Choice*

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MUSIC CHOICE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-130-SLR |
| | ) | |
| VIACOM INC., | ) | |
| VIACOM INTERNATIONAL INC., and | ) | |
| MTV NETWORKS | ) | |
| | ) | |
| Defendants. | ) | |

**CONFIDENTIALITY AGREEMENT**

I, _____, declare and say that:

1.    I live at_____.  I am employed as

_____[position] by

_____[name and address of employer].

2.    I have been given a copy of the Confidentiality Stipulation and Protective Order

("Protective Order") entered in *Music Choice v. Viacom Inc., et al.*, C.A. No. 08-130-SLR (D.

Del.), and I have read said Protective Order.

3.    I hereby promise and agree to be bound by its terms, and promise and agree to

maintain, pursuant thereto, the confidentiality of all information furnished to me which has been

designated as such under the Protective Order.  I understand that these promises are conditions

precedent to my receipt of any such information.

4.    I agree that I will not disclose or discuss such confidential material with anyone

other than as consistent with terms of the Protective Order.

5.    I understand that any disclosure or use of confidential material in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt.

6.    I hereby submit to the jurisdiction of the United States District Court for the District of Delaware, for the purpose of enforcing the terms of this Agreement and Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

_____
Signature

_____
Name Typed or Printed

_____
Street Address

_____
City, State, Zip Code